IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DAVID C. T.,[1]                          3:20-cv-00297-BR

        Plaintiff,                       OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.


**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR  97293
(503) 255-9092

        Attorneys for Plaintiff

**SCOTT ERIK ASPHAUG**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003
_____

        [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**MARTHA BODEN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3710

          Attorneys for Defendant

**BROWN, Senior Judge.**

     Plaintiff David C. T. seeks judicial review of the final
decision of the Commissioner of the Social Security
Administration (SSA) in which the Commissioner denied in part
Plaintiff's applications for Disability Insurance Benefits (DIB)
under Title II of the Social Security Act and Supplemental
Security Income (SSI) under Title XVI of the Social Security
Act.  This Court has jurisdiction to review the Commissioner's
final decision pursuant to 42 U.S.C. § 405(g).

     The Commissioner has filed a Brief (#21) Requesting Remand
in which he asks the Court to remand this matter for further
administrative proceedings.  In his Reply Brief (#22) Plaintiff
asks the Court to remand this matter for the payment of
benefits.

     For the reasons that follow, the Court **REVERSES** the
decision of the Commissioner denying Plaintiff's benefits from

August 30, 2012, Plaintiff's alleged disability onset date, to October 1, 2018, and **REMANDS** this matter for further administrative proceedings.

## ADMINISTRATIVE HISTORY

### I.   Prior Proceedings

On November 8, 2010, Plaintiff protectively filed applications for DIB and SSI benefits.  Tr. 68.[2]  Plaintiff alleged a disability onset date of February 1, 2010.  Tr. 68.  Plaintiff's applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on August 20, 2012.  Tr. 68.  Plaintiff and a vocational expert (VE) testified at the hearing.  Plaintiff was represented by an attorney at the hearing.

On August 29, 2012, the ALJ issued an opinion in which he found Plaintiff was not disabled.  Tr. 68-79.  Plaintiff requested review by the Appeals Council.

On September 13, 2013, the Appeals Council denied reconsideration of the ALJ's decision.  Tr. 16.  The record does

---

[2] Citations to the official Transcript of Record (#13) filed by the Commissioner on November 20, 2020, are referred to as "Tr."

not reflect and the parties do not indicate whether Plaintiff
further appealed this decision.

## II.  Current Proceedings

On January 9, 2016, Plaintiff protectively filed an
application for DIB benefits and on February 19, 2016, filed an
application for SSI benefits.  Tr. 16, 245, 249.  Plaintiff
alleged a disability onset date of August 30, 2012, in both
applications.  Tr. 16, 245, 249.  Plaintiff's applications were
denied initially and on reconsideration.  An ALJ held a hearing
on December 10, 2018.  Tr. 16, 34-64.  Plaintiff and a
vocational expert (VE) testified at the hearing.  Plaintiff was
represented by an attorney at the hearing.

On February 4, 2019, the ALJ issued an opinion in which he
found Plaintiff was not disabled from August 30, 2012, to
October 1, 2018; found Plaintiff became disabled beginning on
October 1, 2018; and awarded Plaintiff benefits beginning on
October 1, 2018.  Tr. 27-28.  Plaintiff requested review by the
Appeals Council.

On December 18, 2019, the Appeals Council denied
reconsideration, and the ALJ's February 4, 2019, decision became
the final decision of the Commissioner.  Tr. 1-3.  *See Sims v.
Apfel*, 530 U.S. 103, 106-07 (2000).

On February 21, 2020, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision denying Plaintiff benefits for the period from August 30, 2012, to October 1, 2018.

## BACKGROUND

Plaintiff was born on October 2, 1968. Tr. 245, 249. Plaintiff was 43 years old on his alleged disability onset date. Tr. 91. Plaintiff has a high-school education. Tr. 25.

Plaintiff alleges disability due to chronic back pain, Degenerative Disc Disease, anxiety, depression, and Post-Traumatic Stress Disorder (PTSD). Tr. 92.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 20-25.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance."  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591

(9th Cir. 2009).  The court must weigh all of the evidence
whether it supports or detracts from the Commissioner's
decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th
Cir. 2008).  Even when the evidence is susceptible to more than
one rational interpretation, the court must uphold the
Commissioner's findings if they are supported by inferences
reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d
1047, 1051 (9th Cir. 2012).  The court may not substitute its
judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454
F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the
Commissioner determines the claimant is engaged in substantial
gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(i),
416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648
F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the
Commissioner determines the claimant does not have any medically
severe impairment or combination of impairments.  20 C.F.R.
§§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also*

*Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

The ALJ concluded the previous ALJ's determination of nondisability in 2012 created a presumption of continuing nondisability from August 30, 2012, to October 1, 2018, pursuant to *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), and, therefore

the ALJ determined modification of the previous ALJ's assessment
of Plaintiff's RFC was not warranted.  Tr. 17.  The ALJ,
however, concluded the presumption was rebutted beginning
October 1, 2018, on the ground that Plaintiff had changed age
categories since the prior determination.  Tr. 17.

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since August 30, 2012, Plaintiff's
alleged disability onset date.  Tr. 20.

At Step Two the ALJ found Plaintiff has the severe
impairments of degenerative disc disease of the lumbar spine and
substance abuse.  Tr. 20.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments from August 30, 2012, to October 1,
2018, did not meet or medically equal one of the listed
impairments in 20 C.F.R. part 404, subpart P, appendix 1.
Tr. 21.  The ALJ found from August 30, 2012, to October 1, 2018,
Plaintiff had the RFC to perform sedentary work with the
following limitations:  could only occasionally climb ramps and
stairs; could only occasionally balance, stoop, kneel, crouch,
and crawl; could not climb ladders, ropes, or scaffolds; could
not be exposed to workplace hazards, such as moving machinery
and heights; could only perform simple, routine, entry-level

work that could be learned in less than 30 days; and should not

walk on uneven terrain in work areas.  Tr. 21.

At Step Four the ALJ concluded Plaintiff is unable to

perform his past relevant work.  Tr. 25.

At Step Five the ALJ found from August 30, 2012, to

October 1, 2018, Plaintiff could perform other jobs that exist

in the national economy such as election clerk, document-

preparer, and addressing clerk.  Tr. 26-27.  Accordingly, the

ALJ found Plaintiff was not disabled from August 30, 2012, to

October 1, 2018.  Tr. 25-26.  The ALJ, however, also concluded

on October 1, 2018, that Plaintiff's age category changed to an

individual closely approaching advanced age.  The ALJ,

therefore, found Plaintiff became disabled on October 1, 2018,

based on Plaintiff's age, education, work experience, and the

application of the Medical-Vocational Rules.  Tr. 27.


## DISCUSSION

Plaintiff contends the ALJ erred in his determination of

Plaintiff's disability during the period from August 30, 2012,

to October 1, 2018, when the ALJ failed (1) to apply the *Chavez*

presumption properly by not evaluating the new evidence nor

conducting an independent sequential analysis; (2) to include

Plaintiff's mental-health conditions as severe impairments at
Step Two; (3) to consider properly the opinions of Winifred Ju,
Ph.D., and Ben Kessler, Psy.D., state-agency examiners; (4) to
provide legally sufficient reasons for discounting Plaintiff's
subjective symptom testimony; (5) to provide legally sufficient
reasons for discounting the lay-witness testimony of Moira B.,
Plaintiff's sister; and (6) to meet his burden at Step Five to
show a significant number of jobs exist in the national economy
that Plaintiff was able to perform.  As noted, Plaintiff
requests the Court to remand this matter for the immediate
payment of benefits for the period at issue.

   In his Request for Remand the Commissioner concedes the ALJ
erred in his evaluation of Plaintiff, but the Commissioner
contends there are outstanding issues that require further
development.  The Commissioner, therefore, requests the Court to
remand this matter for further administrative proceedings.

**I.    The ALJ improperly applied the *Chavez* presumption.**

   Plaintiff contends the ALJ failed to apply the *Chavez*
presumption properly when he did not evaluate the new evidence
nor conduct an independent sequential analysis.

   Although the ALJ concluded Plaintiff had rebutted the
presumption of continuing nondisability based on Plaintiff's

change in his age category, the ALJ determined the record did
not warrant any modification of the previous ALJ's assessment of
Plaintiff's RFC in 2012.  Tr. 17.

In addition to the change in Plaintiff's age category, the
Commissioner acknowledges there is new evidence that shows
Plaintiff's mental-health condition worsened after the prior
ALJ's 2012 determination.

Because the record suggests there are changed
circumstances, the Court concludes on this record that further
administrative proceedings are necessary to permit the ALJ to
consider this new evidence and its impact, if any, on the ALJ's
assessment of Plaintiff's RFC and the ALJ's disability
determination for the relevant period.

**II.  The ALJ erred at Step Two.**

Plaintiff contends the ALJ erred when he failed at Step Two
to conclude Plaintiff's mental-health condition was a severe
impairment.  Plaintiff asserts the medical evidence indicates
Plaintiff has severe mental-health impairments that meet the *de
miminus* requirements of Step Two and points to the opinions of
Drs. Ju and Kessler that Plaintiff has the severe impairment of
affective disorder and chronic depression with anxiety that
causes Plaintiff to have moderate difficulties in maintaining

concentration, persistence, and/or pace.

The ALJ acknowledged Plaintiff's mental health
"significantly deteriorated" after the 2012 hearing.  The ALJ,
however, concluded Plaintiff's allegations are inconsistent with
the objective medical findings and found at Step Two that
Plaintiff's mental-health condition was not severe.  Tr. 20.

The Commissioner does not respond specifically to
Plaintiff's alleged error.  As noted, however, the Commissioner
concedes there is evidence showing Plaintiff's mental-health
condition has worsened since the prior ALJ's 2012 determination
and that the current ALJ did not adequately account for any such
limitation when he assessed Plaintiff's RFC.

The Court concludes on this record that further
administrative proceedings are necessary to allow the ALJ to
reconsider Plaintiff's mental-health condition at Step Two and
to determine whether that condition, even if not severe, alters
the ALJ's assessment of Plaintiff's RFC and the ALJ's disability
determination for the relevant period.

**III. The ALJ erred when evaluating the medical opinions of
Drs. Ju and Kessler.**

Plaintiff contends the ALJ erred when he failed to include
in his assessment of Plaintiffs' RFC the opinions of Drs. Ju and
Kessler regarding Plaintiff's limitations to one-to-two step

procedures.

The ALJ gave "significant weight" to the opinions of Drs. Ju and Kessler who opined Plaintiff was limited to "simple (one-to-two step) work like procedures" due to Plaintiff's chronic depression with anxiety and pain issues.  Tr. 24.  As noted, however, the ALJ adopted the previous ALJ's assessment of Plaintiff's RFC.  Tr. 24.  The ALJ concluded "it was still medically reasonable to limit [Plaintiff] to simple routine tasks" on the grounds that the opinions of Drs. Ju and Kessler were supported by "unremarkable imaging study" and based on Plaintiff's "subjective reports of pain control with his regimen of medication."  Tr. 24.

The Commissioner notes even though the ALJ gave "significant weight" to the opinions of Drs. Ju and Kessler, the ALJ did not adequately account for the limitations identified by Drs. Ju and Kessler in his assessment of Plaintiff's RFC.

Based on the fact that there is a dispute regarding Plaintiff's limitations and his ability to perform other work and based on the Commissioner's admission that the ALJ erred in his assessment of the opinions of Drs. Ju and Kessler, the Court concludes further administrative proceedings are necessary to allow the ALJ to reconsider the opinions of Drs. Ju and Kessler

regarding Plaintiff's limitations.

**IV. Reassessment of Plaintiff's testimony is necessary in light of the change in circumstances.**

Plaintiff contends the ALJ failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

The ALJ concluded Plaintiff's symptom testimony is inconsistent with the objective medical findings in the record and with Plaintiff's daily activities.  Tr. 23-24.

The Commissioner does not specifically respond to this alleged error.  The Court notes, however, the Commissioner "denies any arguments not specifically addressed, but avers that on remand Plaintiff will be given a *de novo* opportunity to present his case."  Def.'s Br. (#21) at 6.

The Court concludes on this record that reevaluation of Plaintiff's symptom testimony is necessary in light of the new evidence regarding Plaintiff's mental-health condition.

**V. Reevaluation of the lay-witness testimony of Moira B. is necessary in light of the change in circumstances.**

Plaintiff contends the ALJ failed to provide legally sufficient reasons for discounting this lay-witness testimony.

The ALJ gave "little weight" to the opinion of Moira B., Plaintiff's sister, regarding Plaintiff's limitations.

Tr. 25.

Although the Commissioner does not respond specifically to this alleged error, the Court concludes on this record that reevaluation of the lay-witness statements of Plaintiff's sister is necessary in light of the new evidence of Plaintiff's mental-health condition.

**VI.  The ALJ erred at Step Five.**

Plaintiff contends the ALJ failed at Step Five to meet his burden to show a significant number of jobs exist in the national economy that Plaintiff was able to perform from August 30, 2012, to October 1, 2018.  Plaintiff contends the limitation to simple, routine tasks assessed by the ALJ precludes two of the three occupations identified by the VE and the remaining occupation of addressing clerk has only 6,000 jobs in the national economy, which is not a "significant number." Plaintiff points out that the Ninth Circuit has already held in *Gutierrez v. Commissioner of Social Security* that 25,000 jobs in the nation presented a "close call" on the issue of significant numbers (749 F.3d 519, 529 (9th Cir. 2014)) and the VE testified at the 2018 hearing that there were not any occupations with more than 6,000 positions in the national economy that could be performed by a claimant with the limitations described in the

ALJ's hypothetical.  Tr. 57.

At Step Five the ALJ concluded from August 30, 2012, to October 1, 2018, Plaintiff was capable of performing other work that existed in sufficient numbers.  Tr. 26-27.

The Commissioner concedes the ALJ erred at Step Five in his conclusions as to the occupations Plaintiff could perform based on his limitations.  For example, the Commissioner acknowledges the occupation of addressing clerk has a Reasoning Level 2 requirement, that the other occupations identified by the VE have a Reasoning Level of 3, and that none of the occupations identified by the VE accommodate a limitation to one-to-two step tasks.  Moreover, the Ninth Circuit has held there is an apparent conflict between an RFC with a limitation to one-to-two step tasks and General Educational Development (GED) Reasoning Levels greater than one.  *See* SSR 00-4p.  *See also Rounds v. Comm'r Soc. Sec. Admin.*, 795 F.3d 1177, 1183-84 (9th Cir. 2015). In addition, pursuant to *Zavalin v. Colvin* a claimant with an RFC limitation to simple, routine tasks cannot adequately perform any occupation with a GED Reasoning Level requirement above 2.  778 F. 3d 842, 843 (9th Cir. 2015).  The Commissioner also concedes the ALJ did not clarify the conflict between the VE's testimony and the Dictionary of Occupational Titles (DOT),

and the ALJ did not obtain a reasonable explanation for this conflict before relying on the VE's testimony. *See Rounds v. Comm'r Soc. Sec. Admin.*, 795 F.3d 1177, 1183-84 (9th Cir. 2015)(Because the ALJ did not recognize the apparent conflict between the VE's testimony and the DOT and the VE did not address the conflict, the court was unable to determine whether substantial evidence supports the ALJ's Step Five finding). *See also* SSR 00-4p, 2000 WL 1898704, at *4.

The Court concludes on this record that the ALJ erred at Step Five, and, therefore, further administrative proceedings are necessary to permit the ALJ to address the conflicts in the VE's testimony and to reassess Plaintiff's ability to perform other work that exists in significant numbers in the national economy.

<u>**REMAND**</u>

**I.   Standards**

The decision whether to remand for further proceedings or for payment of benefits generally turns on the likely utility of further proceedings. *Carmickle*, 533 F.3d at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would

serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient
> reasons for rejecting such evidence, (2) there are no
> outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is
> clear from the record that the ALJ would be required
> to find the claimant disabled were such evidence
> credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

The decision whether to remand for further proceedings or for payment of benefits generally turns on the likely utility of further proceedings. *Carmickle*, 533 F.3d at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate

award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172,

1178 (9th Cir. 2000).  The court should grant an immediate award

of benefits when

> (1) the ALJ has failed to provide legally sufficient
> reasons for rejecting such evidence, (2) there are no
> outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is
> clear from the record that the ALJ would be required
> to find the claimant disabled were such evidence
> credited.

*Id.*  The second and third prongs of the test often merge into a

single question:  Whether the ALJ would have to award benefits

if the case were remanded for further proceedings.  *Id.* at 1178

n.2.

## II.  Analysis

The Court concludes on this record that there are

evidentiary issues that the ALJ must resolve before a

determination of disability can be made:  a determination

regarding the worsening of Plaintiff's mental-health condition;

a determination as to the existence of Plaintiff's changed

circumstances and severe impairments; and the assessment of

Plaintiff's RFC, the testimony of medical experts, Plaintiff's

symptom testimony, lay-witness testimony, and the testimony of

the VE regarding applicable occupations.  In addition, the Court

cannot conclude if such evidence were credited whether the ALJ

would be required to find Plaintiff was disabled from August 30, 2012, to October 1, 2018, based on the current record.

Accordingly, the Court remands this matter for further administrative proceedings consistent with this Opinion and Order.


## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner that Plaintiff was not disabled beginning August 30, 2012, Plaintiff's alleged disability onset date, to October 1, 2018, and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 10th day of May, 2021.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge